### PARVIN v. ABELS–GOLD REALTY CO.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

BROKERS—REAL ESTATE BROKERS—COMMISSION—RIGHT TO.

    A real estate broker can recover a commission on showing that defendant company's president, contracted with him to procure a purchaser, that plaintiff produced one who was ready, willing, and able to purchase upon defendant's terms, and who was acceptable to defendant, and that defendant sold to another while the proposed purchaser was waiting for defendant to procure a loan, as it agreed to do; the president's authority to deal with the land not being disputed.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 94–96.]

Appeal from Municipal Court of New York.

Action by Joseph Parvin against the Abels-Gold Realty Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Solomon S. Schwartz, for appellant.

Edward Snyder, for respondent.

WOODWARD, J. The plaintiff brings this action to recover commissions earned in procuring a purchaser for certain real estate owned by the defendant. The plaintiff testified to a contract or agreement between himself and the defendant company, the agreement being made with Mr. Abels, the president of the company; and the evidence is conclusive that the plaintiff brought to the defendant a purchaser who was ready, willing, and able to take the premises upon the terms proposed by the defendant, and who appears to have been entirely acceptable to the defendant. During the time that the proposed purchaser was waiting for the defendant to procure a loan upon the premises, as it had agreed to do, the plaintiff repeatedly sought to hurry matters, and finally went to the defendant and offered in behalf of his client to take the premises without the loan, the purchaser having found a loan on his own account, and was told by Mr. Abels that the property had been sold. The evidence of the plaintiff and his witnesses, in so far as it relates to his contract with Mr. Abels as the president of the company, is not contradicted in any way. A Mr. Gold, who appears to have been an officer of the company and who was present at some of the conversations, gives a different version of the contract and of the conditions imposed upon the buyer; but the contract as stated by the plaintiff as having been made with the president of the company is not disputed by the evidence. It was not seriously disputed that Mr. Abels was authorized to deal with the property, it was not shown that Mr. Gold had any higher right, and, the plaintiff having performed all of the services which he was called upon to render in producing a purchaser, he is not to blame because the defendant's president told him that the property had been sold, thus terminating the transaction.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.